*1245 OPINION.
Thammell :
The respondent has disallowed as deductions in computing the net income of the petitioner for the years 1919, 1920, and 1921 the amounts of $5,631, $26,140.36, and $37,582.74, respectively, being portions of the amounts deducted as salaries for officers and employees who were stockholders of the petitioner corporation. The disallowance is based on the ground that the amounts disallowed were not in fact reasonable compensation for personal services actually rendered but constituted distributions of profits.
Section 234 (a) (1) of the Revenue Acts of 1918 and 1921 provides that in computing the net income of corporations subject to tax there shall be allowed as a deduction “ all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * *
The petitioner does not deny that the increase and bonuses paid to its officers and stock-owning employees were in direct proportion to *1246 their stock ownership, but contends that the amounts authorized and paid were reasonable for the services rendered when the ability, experience, responsibility, duties, and services of such officers and employees and their worth to the business is considered.
The amounts paid to the officers and stockholding employees and deducted as compensation for the years involved bear approximately the following percentages to the amounts paid, for 191?:
F. O. Streed.. Taylor.. Bidding.. Armstrong--. Verio_ E. W. Streed. F. A. Streed.. 1919. 1920. 1921. Per cent. 147 162 145 156 154 144 123 Per cent. 325 395 337 393 370 356 200 Per cent. 408 500 507 483 465 460
The first question to determine is whether the amounts which were disallowed by the respondent as compensation to officers and stockholding employees were paid by the corporation as compensation for services rendered. If the amounts were in fact distributions of profits as determined by the respondent, they would not be allowed as deductions in determining the petitioner’s net income. It may be that if the amounts had been paid as compensation, they would have been allowed as being reasonable. In determining whether the amounts were compensation for services or. were distributions of profits, all the facts and circumstances must be considered and not merely the fact that the amounts were reasonable.
In this case, we find that the amounts which the petitioner claimed as additional compensation for services rendered were paid to the stockholders of the corporation in the exact proportion to their stock-holdings. The payments of the amounts were authorized by resolutions of August 14,1918, May 18,1920, September 6,1920, and November 14, 1921. The resolution of August 14,1918, authorized a monthly salary increase to the stockholders equal to 9 per. cent of the common stock held by them dated back to January 1,1918. The resolution of May 18, 1920, was substantially the same except that the increase was to be based on 8% per cent of the stock ownership on January 1, 1920. The other resolutions, while not prescribing that the increase shall be based specifically on stock ownership, actually used that as a basis in determining the amounts to be paid. In other words, the amount of stock owned by each stockholder seems to have been the sole criterion or- measure of the additional amounts to be paid him. The increases allowed were not based on the amount of compensation which each officer was receiving at the time.
The value of services of an individual is not dependent upon the amount of stock owned. The value of services and the amount of *1247 stock owned have no necessary relationship to each other. The meas-, ure used in determining the increases in this case was stock ownership, regardless of the fact that certain stockholders may have been entitled to a greater or lesser amount if the value of their services were solely considered. In order to be compensation for services, the value of the services must measure the amount and not stock ownership. Conceding for the sake of argument that the services of individuals in this case were fairly worth the amounts they received, this fact alone is not sufficient to constitute the amounts compensation. They must have been intended and paid as such.
In the Appeal of Woodcliff Silk Mills, 1 B. T. A. 715, we said:
The fact that salaries paid to its officers by a corporation are in direct proportion to the stockholdings of the respective officers is strong evidence of an intent to distribute profits as salaries and must be overcome by clear evidence showing that the salaries are reasonable in amount and actually represent compensation for personal services rendered.
We are of the opinion after a consideration of all of the evidence that the petitioner has not shown that the amounts which were disallowed by the respondent were in fact compensation for services rendered and not distributions of profits.
Judgment will Toe entered on 15 days’ notice, u/nder Rule 50.